UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                        Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CR-6161L


            v.

CHARLES SCHWAB,



                        Defendant.
_____


        This is a proceeding pursuant to 18 U.S.C. § 3145 to review the decision of United States

Magistrate Judge Jonathan W. Feldman, entered January 8, 2007 (Dkt. # 53), which modified an

earlier release order and appearance bond executed by the defendant and approved by the Court on

September 15, 2005.

        Defendant, Charles Schwab ("Schwab"), a former public official with the Town of Greece,

New York stands indicted on numerous charges relating to a conspiracy alleging that he accepted

bribes for reducing assessments  on real property owned by Eastman Kodak Company, in Greece.

        The charges obviously are serious and are now contained in a third superseding indictment

of 179 pages containing 71 separate counts in addition to forfeiture counts.  Schwab is named in 43

of those counts.

When Schwab originally appeared on the criminal complaint, he was released on a two million dollar bond secured by cash and properties valued at approximately $700,000. (Dkt. # 11). Thereafter, Schwab moved to reduce the amount of security posted, principally to free up money to supplement the $75,000 retainer paid to his attorney of record.  The Government and the Probation Office opposed the motion.[1]

After receiving submissions from the parties and entertaining oral argument, on January 8, 2007, Magistrate Judge Feldman issued his order (Dkt. #53) modifying the original release order (Dkt. # 11).  In that order, Magistrate Judge Feldman continued the two million dollar bond in effect but reduced the amount of assets posted to secure that bond from $700,000 to $250,000.  The assets released were to be paid directly to defense counsel for legal fees in periodic payments of $75,000.

The Government now appeals that decision and order and seeks *de novo* review pursuant to 18 U.S.C. § 3145.  Defense counsel has cross-appealed from that portion of the order that directed periodic payments.  Defense counsel seeks an order directing payment to him of a lump sum of $350,000.  He also seeks an order precluding the Government from seeking to recover any monies paid to him for counsel fees should there be a determination at trial that the assets in question are in fact subject to forfeiture. (*See* 18 U.S.C. § 981(f); § 983(d)).  In other words, defense counsel

---

[1]During proceedings before Magistrate Judge Feldman on the bail motion, the Government not only opposed reduction of the security but stated its intent to file a civil forfeiture complaint against some of the same properties posted as security for the appearance bond. On December 29, 2006, the Government did just that.  It filed an *in rem* civil complaint, 06-CV-6674L, seeking forfeiture of some of Schwab's assets, including some already posted as security for the two million dollar appearance bond.  On January 4, 2007, this Court signed a seizure warrant restraining the assets in issue.

seeks a ruling now that the so-called relation-back doctrine not apply here and that the monies transferred to him for attorney's fees be exempt from any later forfeiture determination.

DISCUSSION

In determining whether to order release, a judicial officer should order release with appropriate conditions that will reasonably assure the appearance of the defendant.  18 U.S.C. § 3142(c).

Although some of the discussions and proceedings before Magistrate Judge Feldman related to both the conditions of release and to carving out money to pay counsel, the principal focus before me on this appeal should be the adequacy of the conditions of release.  When the defendant originally appeared before Magistrate Judge Feldman on the criminal complaint, a determination was made not to detain the defendant but to order his release on a substantial two million dollar appearance bond, partially secured by approximately $700,000 of defendant's assets.

In his January 8, 2007 decision and order, Magistrate Judge Feldman determined that the conditions had changed sufficiently to warrant a reduction of the assets pledged to secure the two million dollar bond. It is clear that part of the basis for such a modification was to free up money to pay counsel.

After considering all the factors, I come to a conclusion somewhat different from that of Magistrate Judge Feldman.  I believe that requiring the posting of assets to secure the bond is necessary and appropriate, and I concur with the Government that little has changed to warrant the significant modification ordered by the Magistrate Judge.

In my view, the defendant has the burden to establish that the circumstances and conditions have substantially changed since the original release order was entered.  I am not convinced that such a substantial change has occurred.  Defendant's circumstances are the same if not more perilous than when bond was originally set.  When  bond was originally set, only a complaint had been filed. Now defendant stands indicted for multiple charges alleging serious crimes, which carry a potentially lengthy prison sentence and a significant restitution order.  Several co-conspirators have agreed to cooperate with the Government, have pleaded guilty and are prepared to testify against the defendant.  I believe the Government's case appears to be stronger now than when the defendant first appeared on the complaint.

Although the defendant had ties to the Western District of New York, those ties have all but evaporated.  Defendant's employment has been terminated here and he has sold his principal residence and moved to South Carolina.  It has been represented that the defendant may be intending to sell that home too. The Government has also alleged (Dkt. # 65) that defendant transferred over $125,000 to his two daughters in the three years prior to his appearance on the complaint before Magistrate Judge Feldman.  The defendant has not contested that assertion.

Admittedly defendant has no prior criminal record and has appeared when directed to do so. But those facts do not alter my final conclusion. When the defendant first appeared on the complaint, it was determined that conditions were necessary to reasonably assure his presence for trial. Defendant was not released on his own recognizance or with only non-monetary conditions. Magistrate Judge Feldman agreed that appropriate financial conditions of release were necessary and, therefore, required the execution of the two million dollar bond that was 35% secured by defendant's assets ($700,000).  In Magistrate Judge Feldman's most recent decision, although there

are no substantial changed circumstances, the security on the two million dollar bond was reduced so that now the bond is only secured at 12.5% ($250,000). In my view, this sum is insufficient.

The fact that substantial counsel fees might be incurred certainly was foreseeable immediately on defendant's initial appearance. Admittedly, the scope of the proceedings concerning the defendant in both criminal and civil matters has been elucidated over time. Although releasing assets to pay counsel may be one consideration in determining release conditions, it is not the primary one. This factor is not even one of the factors listed in the statute at § 3142(g) for the Court to consider. The primary concern now is whether defendant's conditions and circumstances have substantially changed from when the release conditions were set and whether the conditions reasonably assure the defendant's presence for trial. In my view, defendant has failed to demonstrate changed circumstances warranting the modification ordered by the Magistrate Judge.

The defendant has deposited the proceeds from the sale of his residence in Ontario County with the Clerk to secure the bond. That sum equals $178,760. That sum should remain as security for the bond.

Likewise, four investment accounts held by AG Edwards & Sons, Accounts 4690-4499; 5690-4889; 5690-3923; and 5690-3628 were originally pledged as security for the appearance bond executed September 15, 2005. These accounts then had a value of about $201,619. These accounts should also remain as security on the two million dollar appearance bond. These accounts have been seized per agreement and they should remain so, pursuant to the terms of the original appearance bond (Dkt. # 11).

These investment accounts plus the monies deposited with the Clerk from the sale of the defendant's residence should be a sufficient monetary condition to reasonably assure defendant's presence at trial. In addition, all other non-monetary conditions imposed by Magistrate Judge

Feldman in his September 15, 2005 release order (except as subsequently modified) remain in full force and effect.

As for the rest of the assets which were listed as security in the original appearance bond, I release them as pledged security.  To the extent that those assets are not otherwise encumbered, defendant is free to use those assets to pay counsel or for any other legal purpose.


CONCLUSION

The Government's motion, pursuant to 18 U.S.C. § 3145 (Dkt. # 55), to review Magistrate Judge Feldman's release order of January 8, 2007 (Dkt. # 53) is granted in part.  Defendant's cross-motion (Dkt. # 60) is denied in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       April 16, 2007.

- 6 -