UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    05-CR-6161L
                                                    12-CV-6537L

                    v.

CHARLES SCHWAB,

                              Defendant.
_____

Defendant, Charles Schwab ("Schwab"), represented by counsel,[1] moves to vacate his judgment and conviction pursuant to 28 U.S.C. § 2255. Schwab claims a violation of his rights under the Sixth Amendment to the Constitution in that he was denied "the right to counsel of his choosing." Schwab also claims that he was denied effective assistance of appellate counsel because of his attorney's failure to raise the issue presented here in this motion. The motion to vacate (Dkt. #616) is in all respects denied.

The procedural history and relevant facts are set forth by the parties in their filings on the motion, including Schwab's motion to vacate (Dkt. #616) and the Government's Answer (Dkt. #620). The procedural history and facts are largely undisputed.

In sum, Schwab was indicted with several others and charged with mail fraud, money laundering and conspiracy. After Schwab's retained counsel, John R. Parrinello, withdrew from the case, the Court appointed Robert Smith of the Federal Public Defender's Office to represent Schwab.

---

[1] Schwab is now represented by attorney Thomas J. Eoannou, Esq., as retained counsel. Schwab was represented before the District Court by Assistant Federal Public Defender Robert G. Smith and, on appeal, by appointed counsel, Michelle Hauser, Esq.

Approximately a year after that appointment, Schwab pleaded guilty to five counts of the Second Superseding Indictment. As part of the plea, Schwab also agreed to and admitted to the forfeiture allegation involving most of the properties that Schwab had previously posted as security for his release. In its Answer (¶ 19), the Government sets forth these properties with some specificity.

Subsequent to the plea, the Court sentenced Schwab on February 24, 2009, principally to a term of 144 months imprisonment. Schwab attempted to appeal the Judgment of Conviction, but the Second Circuit dismissed the appeal. *United States v. Schwab,* 421 Fed. Appx. 57 (2d Cir. 2011). The Second Circuit determined that the plea colloquy was sufficient, that the plea was knowing and voluntarily made, and that the appeal waiver contained in the plea agreement was valid and enforceable. Thereafter, Schwab filed a petition for a writ of certiorari to the United States Supreme Court but the Supreme Court denied the petition on October 3, 2011. *Schwab v. United States,* 132 S. Ct. 338.

There has been no violation of Schwab's constitutional rights. Schwab's present motion is denied, both on procedural grounds and on the merits.

First, Schwab is now precluded from raising the issue set forth in the present motion to vacate because the issue was not raised on direct appeal, although it certainly could have been. Schwab is, therefore, procedurally barred from litigating the issue now.

An aggrieved party may not appeal adverse decisions in a piecemeal fashion. As noted by the Government in its answer here, both the United States Supreme Court and the United States Court of Appeals for the Second Circuit have dismissed later collateral proceedings for procedural default under circumstances where an issue could have been raised on appeal, but was not. Any issue presented under such circumstances is subject to procedural default in a subsequent proceeding, absent cogent and compelling reasons. *See United States v. Frady*, 456 U.S. 152, 162-167 (1982); *United States v. Hussein,* 178 F.3d 125, 130 (2d Cir. 1999).

Prior to taking the plea in this case, Schwab had objected, through prior retained counsel, that Schwab's Sixth Amendment right had been violated by the Government's seizure of assets that

Schwab hoped to use to provide further monies for retained counsel. In spite of the appeal waiver provision in the plea agreement, Schwab did attempt to appeal the judgment to the Second Circuit, but failed to raise the issue now advanced here. Schwab is procedurally barred from seeking this relief now. There are no cogent and compelling reasons to warrant deviation from the well-established principles set out above.

On the merits, Schwab fares no better. There is no basis to vacate the judgment based on the claim now raised by Schwab.

Stripped of the rhetoric concerning the Sixth Amendment right to counsel, Schwab's argument is straightforward. He claims that the Government's decision to take steps to seize most of Schwab's real and personal assets precluded Schwab from utilizing those assets to pay additional monies to his retained attorney, Parrinello. Although Parrinello had apparently received some money ($75,000), he refused to proceed further with the case unless he was paid several hundred thousand dollars more. In the strongest terms, Parrinello refused the Court's offer to appoint him as counsel under the Criminal Justice Act at its applicable rates.[2]

In essence, Schwab claims that the statutory asset forfeiture provisions impermissibly burdened his Sixth Amendment rights because the seizure prevented his use of the funds for his own purposes, principally to pay counsel. Unfortunately for Schwab, the United States Supreme Court, and other federal courts, has considered the precise issue raised here and rejected his argument.

The Government's answer (Dkt. #620, p. 14-16) discusses the Supreme Court decisions and other authorities on the issue. *See United States v. Monsanto,* 491 U.S. 600 (1989), and *Caplin & Drysdale Charter v. United States,* 491 U.S. 617 (1989). In essence, these cases stand for the proposition that a defendant does not have the right to use illegally obtained funds to finance his defense. As pointed out in the cases relied on by the Government, the Government has an important

---

[2] It also appears that Parrinello was not then, and has never been, a member of the Panel of Attorneys eligible for appointment under the Criminal Justice Act.

and legitimate right to obtain recovery of all forfeitable assets from a defendant who is guilty of crimes that resulted in ill-gotten gains.

In the instant case, the Government claimed in its indictment (and in prior proceedings) that the not insubstantial real and personal property held by defendant were obtained as a result of the criminal conspiracy and kickback schemes perpetrated by Schwab and others. If the assets were forfeitable, they were not assets that Schwab was free to use as he saw fit regardless of whether he wished to use those funds to join a golf club or to pay for counsel. The Supreme Court and other courts have clearly held that a defendant has no Sixth Amendment right to use the proceeds of crime to pay for his lawyer.

Defendant cites no legal authority to the contrary. The Government had a legitimate interest in seizing Schwab's assets. At the time of the plea, Schwab not only pleaded guilty to the criminal offenses, but admitted that the listed assets, at issue here, also were forfeitable, and he agreed that an order of forfeiture would be entered accordingly.

The fact that Schwab's then-attorney, Parrinello, would only continue in the case if he obtained those monies does not alter the result. Under the Sixth Amendment, a defendant is entitled to representation of counsel; the law does not require that he receive the services of the attorney he prefers regardless of his ability to pay the sums demanded by that attorney.

Schwab's situation is not unique. Many defendants request particular attorneys, but the Court has no obligation to appoint those attorneys just to satisfy a defendant's whim. The attorney balked and refused to proceed further and this Court was under no obligation to force him to continue the representation.

Schwab's counsel now claims that this Court should have required attorney Parrinello to remain in the case until its conclusion. This has not been Schwab's principal contention. His principal claim has been that the Court should not have allowed the Government to seize the assets Schwab wished to utilize for counsel. Schwab now advances this alternative argument.

It is certainly true that a court does have authority to preclude counsel from withdrawing from a case whenever he chooses to do so. Certainly, an attempt by counsel to withdraw at the eleventh hour, for example, on the eve of trial, would be a circumstance to justify counsel's continued involvement. This was not such a case, however. The issues involving seizure of Schwab's assets occurred very early in the proceedings. Trial had not been set nor was the case even at the motion stage. In fact, after the Federal Public Defender's Office was appointed, the plea did not occur for over a year. Therefore, there was no prejudice to Schwab nor disruption of court proceedings caused by the Federal Public Defender's substitution for attorney Parrinello. Parrinello claimed that he had expended the sums paid to him and Schwab never took any action to challenge that or seek any reimbursement by engaging in any fee dispute proceedings before the local bar association.

I also agree with the Government that Schwab did not receive ineffective assistance of counsel on appeal for the failure to raise the argument advanced here. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show that the representation fell below "prevailing professional norms" and that there was a reasonable probability that but for that error the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88, 693-94 (1984). The burden of establishing ineffective assistance of counsel is a heavy one and there is a strong presumption that counsel's conduct falls within the wide range of providing proper legal assistance. *Id.*

As the Government points out, the failure to advance a meritless argument on appeal does not fall outside the range of professionally competent assistance. Schwab claims that counsel should have advanced the argument that he makes now but, as pointed out above, such an argument would have been fruitless on direct appeal. The authority discussed above and underscored by the Government in its answer, clearly defeats Schwab's present contention that he had a constitutional right to use illegally obtained assets to finance his defense. Counsel on direct appeal cannot be faulted for failing to make an argument that was clearly precluded by well-established authority. For these reasons, Schwab has failed to demonstrate that appellate counsel provided ineffective

assistance by pursuing some claims but not the one now advanced by his present counsel in the instant motion.

CONCLUSION

The motion to vacate (Dkt. #616) pursuant to 28 U.S.C. § 2255 is in all respects denied.

I decline to issue a certificate of appealability because Schwab has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 17, 2013.